**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ROBERT E. CHAPMAN**,

                              **Plaintiff**,

               **v.**                                       **06-CV-824**
                                                     **(GLS/DRH)**

**BEST BUY, INC.,**

                              **Defendant**.
_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Pechenik, Curro Law Firm       STEPHEN A. PECHENIK, ESQ.
216 River Street
Troy, New York 12180

**FOR THE DEFENDANT:**

Simmons, Jannace Law Firm     KEVIN P. SIMMONS, ESQ.
75 Jackson Avenue                ANDREW S. KAZIN, ESQ.
Syosset, New York 11791

**Gary L. Sharpe**
**U.S. District Court**

## I.  INTRODUCTION

      In February of 2006, Plaintiff Chapman brought this suit in NYS

Supreme Court. He asserted claims for the alleged racial discrimination

and negligence of defendant Best Buy during a sales transaction in one of

defendant's stores in February of 2003.  Best Buy subsequently removed

the case to this court pursuant to 28 U.S.C. §§ 1441 and 1446, and now

moves for summary judgment.  For the reasons set forth below, the motion

is granted.

## II. <u>FACTS</u>[1]

Chapman is an African-American who was 54 years old at the time

this action was brought.  *See SMF ¶ 1, Dkt. No. 16.*  On February 25, 2003,

Chapman purchased three DVD's at Best Buy.  *Id.* at ¶ 2.  Upon returning

home he discovered that one of the DVD cases was empty.  *Id.*  The

following day Chapman called Best Buy and informed them of the missing

disc.  *Id.* at ¶ 3.  A supervisor apologized and told Chapman if he came

back to the store the matter would be resolved.  *Id.*  On or about February

27, 2003, Chapman returned to Best Buy, again received an apology, and

was directed to pick out another DVD to replace the missing one.  *Id.*

Chapman did so and returned to the customer service desk with the new

---

[1] Chapman has failed to file a memorandum of law or response to Best Buy's
statement of material facts despite orders and phone calls by these chambers demanding that
he comply with Local Rule 7.1.  *See 10/10/07 text order.*  As such, the court deems Best Buy's
statement of material facts admitted pursuant to N.D.N.Y. R. 7.1(a)(3).

DVD. *Id.* at ¶ 4. The store manager then arrived and asked Chapman if he had selected a movie. *Id.* at ¶ 5. At this point an argument apparently began between Chapman and the store manager, although it is difficult to discern over what.[2] *Id.* The store manager then called over some employees to remove Chapman from the store. *Id.* However, for some reason not apparent to the court, they did not remove Chapman or touch him, but rather "got nervous" and left him alone.[3] *Id.* The incident concluded with Chapman leaving Best Buy with two DVD's and twenty-seven dollars in exchange for the missing DVD he brought in. *Id.*; *Summ. J. Mot., Ex. A, Chapman Dep. pg. 74, Dkt. No. 16.* Nothing racially motivated was said to Chapman during the entire transaction. *See SMF ¶ 6, Dkt. No. 16.*

## III. Discussion

---

[2] Chapman's deposition testimony would seem to indicate that when he returned to Best Buy to exchange the empty case, he brought all three previously purchased DVDs with him and gave them to a supervisor. *See Summ. J. Mot., Ex. A, Chapman Dep. pg. 74, Dkt. No. 16.* Upon returning to the counter with the replacement DVD, the disagreement apparently centered on how many DVDs Chapman had brought into the store and could leave with. *Id.* at pgs. 83-84.

[3] The court notes that in one of the affidavits submitted in opposition to Best Buy's motion for summary judgment Chapman alleges that Best Buy employees made him leave "forcefully (without touching me)." *See Aff. in Opp'n, Chapman Aff.* ¶ 10, Dkt. No. 20. Aside from the obvious contradiction within this claim, it is inconsistent with Chapman's prior deposition testimony, and therefore disregarded pursuant to *Raskin v. Wyatt Co.*, 125 F.3d 55, 63 (2d Cir. 1997) . *See Summ. J. Mot., Ex. A, Chapman Dep. pgs. 84-86, Dkt. No. 16.*

## A.    Motion for Summary Judgment Standard

The standard for the grant of summary judgment is well-established, and will not be repeated here.  For a full discussion of the standard, the court refers the parties to its previous opinion in *Bain v. Town of Argyle,* 499 F. Supp. 2d 192, 194-95 (N.D.N.Y. 2007).

By Local Rule, a summary judgment motion shall contain a Statement of Material Facts with a specific citation to the record where the fact is established.  *See* L.R. 7.1(a)3.  Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion.  *Id.*  The opposing party shall file a response to the Statement of Material Facts.  *Id.*  Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.  *Id.*

## B.    Discrimination Claim

Chapman's counsel in this generally alleged racial discrimination and negligence action has managed to reach the summary judgment stage without citing a single statute or case in support of the claims asserted, leaving Best Buy and the court with the task of attempting to decipher this

suit.  Best Buy, in conjunction with its summary judgment motion, has set

out the various statutes under which Chapman's discrimination claims

could possibly arise.[4]  The court, however, finds it unnecessary to search

out statutory authority for plaintiff's claims when his attorney has failed to

do so.  It will suffice for purposes of this motion to recognize that for any

plausible discrimination claim to survive summary judgment, the plaintiff

must produce some properly supported facts from which, at the very least,

an inference can be drawn that he was discriminated against because of

his race.  See *Mian v. Donaldson, Lufkin & Jenrette Sec. Co.*, 7 F.3d 1085,

1088 (2d Cir. 1993); *Waldon v. Rotzler*, 862 F. Supp. 763, 768-70

(N.D.N.Y. 1994); *Johnson v. Lord & Taylor*, 807 N.Y.S.2d 367 (N.Y. App.

Div. 2006).  Mere conclusory allegations of discrimination will not be

sufficient at this stage.  See *Waldon*, 862 F. Supp. at 768-70.

As Best Buy points out, Chapman's complaint, while generally

claiming discrimination, fails to present any allegations from which one

could infer he was discriminated against because he was an African-

American.  In opposition to the motion for summary judgment Chapman

_____

[4] Best Buy asserts its belief that the only potential causes of action Chapman has are
under 42 U.S.C. §§1981, 1982 and N.Y. Exec. Law § 296 (McKinney 2007).

has presented only his affidavit and that of his attorney.  These affidavits rehash the same broad speculative allegations in the complaint with statements such as, "had [Chapman] been of the Caucasian race, [he] would have been treated more humanely."  *See Aff. in Opp'n, Chapman Aff. ¶ 11, Dkt. No. 20.*

These bald statements of opinion are simply insufficient to allow a plausible inference of discrimination where the facts are devoid of any indication that the plaintiff was treated differently because of his race.  A party responding to a summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Indeed, it has been held that even when discriminatory intent is at issue, "a plaintiff must provide more than conclusory allegations of discrimination to defeat a motion for summary judgement."  *Schwapp v. Town of Avon*, 188 F.3d 106, 110 (2d Cir. 1997).  Rather, "specific facts showing there is a genuine issue for trial" and "concrete particulars to substantiate the claim" must be presented.  *Jamaica Ash & Rubbish Removal Co. v. Ferguson,* 85 F. Supp. 2d 174, 180 (E.D.N.Y. 2000) (quoting *Celotex*, 477 U.S. at 322); *Hunt v. Tektronix*, Inc., 952 F. Supp.

6

998, 1002 (W.D.N.Y. 1997) (citing *Meiri v. Dacon*, 759 F.2d 989 (2d Cir. 1985)).

If the court examines the actual facts of this case it is clear that Chapman has established no more than that he is an African-American and had a bad retail experience.  This is clearly insufficient to support a claim of discrimination under any statute.  As Chapman has failed to set forth "specific facts adequate to show or raise a plausible inference that [he was] subjected to race-based discrimination," his discrimination claims are dismissed.  *Waldron*, 862 F. Supp. at 769 (quoting *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 17 (1st Cir. 1989)).

## C.   **Negligence Claim**

In addition to his discrimination claim, Chapman has also asserted a claim for unspecified negligence.  "In order to prove negligence, [a] plaintiff must demonstrate (1) the existence of a legal duty owed to the plaintiff; (2) a breach of that duty; and (3) injury to [the] plaintiff [actually and] proximately resulting from such breach."  *Bowen v. National R.R. Passenger Corp.*, 363 F. Supp. 2d 370, 373 (N.D.N.Y. 2005).  Best Buy does not contend that there was no duty owed to Chapman.  Rather it is

asserted that there is no evidence Best Buy breached that duty or caused injury to Chapman.  *See Mot. Summ. J. Mem. pgs. 10-11, Dkt. No. 16.* Chapman's two affidavits in opposition to the motion for summary judgment do not contain anything relevant to this argument.  *See Aff. in Opp'n, Dkt. No. 20.*  In addition, nothing presented to the court thus far would support a negligence claim.  Accordingly, the court dismisses such claim.

## IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Chapman's complaint (*Dkt. No. 1*) is **DISMISSED IN ITS IN ENTIRETY**; and it is further

**ORDERED** that the Clerk of the Court enter judgment and close this case; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

November 13, 2007
Albany, New York

Gary L. Sharpe
U.S. District Judge

8